SAMUEL M. McGAW, JR., et al.,           )
                                         )
    Plaintiffs,                          )
                                         )
v.                                       )
                                         ) No. 3:15−cv−12−PLR−HBG
SEVIER COUNTY, TENNESSEE, et al.,        )
                                         )
                                         )
    Defendants.                          )

## MEMORANDUM AND ORDER

Samuel M. McGaw, IV, an inmate at the Sevier County Jail died as a result of a lethal combination of alcohol and prescription medication. This case concerns the medical treatment he received while in detention at the Jail. Samuel M. McGaw, Jr., the personal representative of his son's estate, sued Sevier County and various individuals under 42 U.S.C. § 1983, alleging they violated his son's right, secured by the Eighth Amendment, that jail officials not act with deliberate indifference to his medical needs. Presently before the Court are three motions to dismiss submitted by Defendants First Med, Inc., Jessie Timbook LPN, and Judy Sims LPN.

1

# I. Factual Background

Samuel M. McGaw, IV was a pretrial detainee in the Sevier County Jail as a result of a capias issued for failure to appear for charges of misdemeanor assault and public intoxication. McGaw turned himself into the Sevier County Jail the evening of March 25, 2014. Upon his arrival at the Sevier County Jail, McGaw was under the influence of alcohol and prescription pills. Defendants placed McGaw in a holding cell. Based on Jail records, staff found McGaw unresponsive and not breathing around 1:11 a.m. on March 26, 2014. Jail personnel administered CPR until EMT's arrived at the Jail. McGaw was transported from the Jail to LeConte Medical Center, where he arrived in full cardiac arrest. McGaw was later transported from LeConte Medical Center to Fort Sanders Regional Medical Center, where he was diagnosed with anoxic brain injury, liver shock, acute respiratory failure, and acute renal failure. McGaw remained in a coma at Fort Sanders under a "do not resuscitate" order until he died on April 6, 2014.

Plaintiffs allege that Sevier County and First Med, Inc., through their agents and/or employees, had actual knowledge that McGaw had ingested both alcohol and prescription medication (Oxycodone), but failed to provide him with adequate medical care. Plaintiffs seek damages based on Defendants' violations of rights guaranteed McGaw under the United States and Tennessee Constitutions. Plaintiffs additionally seek relief pursuant to the Tennessee Governmental Tort Liability Act.

Defendants Jessie Timbook LPN, Judy Sims LPN, and First Med, Inc. move to dismiss the claims against them. Plaintiffs have responded in opposition. For the reasons which follow, defendants' motions to dismiss will be denied.

2

## II. Standard for Motion to Dismiss

Federal Rules of Civil Procedure 8(a) and 12(b)(6) require the complaint to articulate a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requirement is met when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A motion to dismiss under Rule 12(b)(6) requires the court to construe the complaint in the light most favorable to the plaintiff, accept all the complaint's factual allegations as true, and determine whether the plaintiff can prove no set of facts in support of the plaintiff's claims that would entitle the plaintiff to relief. *Meador v. Cabinet for Human Resources,* 902 F.2d 474, 475 (6th Cir. 1990).

The Court may not grant a motion to dismiss based upon a disbelief of a complaint's factual allegations. *Lawler v. Marshall,* 898 F.2d 1196, 1198 (6th Cir. 1990); *Miller v. Currie,* 50 F.3d 373, 377 (6th Cir. 1995) (noting that courts should not weigh evidence or evaluate the credibility of witnesses). The Court must liberally construe the complaint in favor of the party opposing the motion. *Id.* However, the complaint must articulate more than a bare assertion of legal conclusions. *Scheid v. Fanny Farmer Candy Shops, Inc.,* 859 F.2d 434, 436 (6th Cir. 1988). The complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *Id.*

Because a motion to dismiss is meant to test the "sufficiency of the plaintiff's claim for relief," the Court "may consider only matters properly part of the complaint or

3

pleadings" in ruling on the motion. *Armengau v. Cline,* 7 Fed.Appx. 336, 343 (6th Cir. 2001). The Sixth Circuit has taken a "liberal view" of what matters fall within the pleadings. *Id.* at 344. If referred to in a complaint and central to the claim, documents attached to a motion to dismiss form part of the pleadings. *Id.*

McGaw refers to medical records from the Sevier County Jail throughout his Complaint. These medical records are central to the Complaint, which alleges McGaw received insufficient medical care while he was at the Sevier County Jail. Therefore, the medical records are considered part of the pleadings.

### III. 42 U.S.C. § 1983 Claims

42 U.S.C. § 1983 creates a cause of action against government officials who violate an individual's rights:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State…. subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law.

42 U.S.C § 1983. "To survive a motion to dismiss under § 1983, the plaintiff must properly allege two elements: (1) the defendant was acting under color of state law, and (2) the offending conduct deprived the plaintiff of rights secured under federal law. *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005).

First Med, Sims and Timbrook argue that they were not acting under color of state law in providing medical services to McGaw. The Court finds their argument without

merit. A private corporation that performs a public function may be found to act under the color of law for purposes of § 1983. *Skelton v. Pri-Cor, Inc.,* 963 F.2d 100, 102 (6th Cir. 1991). A provider of medical care at a state detention facility acts under the color of state law. *See, e.g., West v. Atkins,* 487 U.S. 42, 54 (1968); *McDaniel v. Sevier County,* 2013 WL 1120866 at *6 (E.D.Tenn. Mar. 18, 2013) ("Because he was providing medical care to inmates in the Sevier County Detention facility, defendant Tallent was clearly acting under color of state law").

The Supreme Court's holding in *Minneci v. Pollard,* 132 S.Ct. 617 (2012), does not change that conclusion. In *Minneci,* the Supreme Court held that an inmate does not have a constitutional claim under *Bivens*, against the private employees of a privately operated federal prison. *Id.* This is not a *Bivens* case. This is a § 1983 case. Other decisions in this district have declined to extend the holding in *Minneci* to § 1983 cases brought by prisoners in state-run facilities. *See Mangum v. Sevier County,* 2015 WL 729524 at *4 (E.D.Tenn. Feb. 19, 2015); *Seiber v. Lacey,* 2013 WL 4046313 at *5 (E.D.Tenn. Aug. 8, 2013); *McDaniel v. Sevier County,* 2013 WL 1120866 at *6 (rejecting a *Menneci* argument because plaintiff was not a federal prisoner or confined in a privately operated facility). Consistent with these decisions, this Court rejects Defendants' argument to extend *Minneci* to the present facts.

### IV. Claim of Deliberate Indifference for Failure to Obtain Medical Care

Under the Eighth Amendment, prison officials are prohibited from "unnecessarily and wantonly inflicting pain on an inmate by acting with deliberate indifference toward

5

the inmate's serious medical needs." *Blackmore v. Kalamazoo County,* 390 F.3d 890, 895 (6th Cir. 2004). Pretrial detainees are protected analogously under the Due Process Clause of the Fourteenth Amendment. *Id.* In order to establish an Eighth Amendment violation for deliberate indifference to serious medical need against a prison official under § 1983, the plaintiff must satisfy an objective and a subjective component. *Id.*

To satisfy the objective component, a plaintiff must show the existence of a sufficiently serious medical need, meaning he is "incarcerated under conditions posing a substantial risk of serious harm." *Id.* A serious medical need is "one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Harrison v. Ash,* 539 F.3d 510, 518 (6th Cir. 2008).

The subjective component is met when "the official knows of and disregards an excessive risk to inmate health or safety." *Harrison,* 539 F.3d at 518. An official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

A.  **Judy Sims, LPN**

Judy Sims, LPN, was employed by First Med and assigned to the Sevier County Jail. Sims avers that she provided prompt and appropriate medical care to McGaw, and that McGaw's denial of drug use absolves her of any liability for his death as a result of overdosing on a lethal combination of alcohol and Oxycodone. The Court disagrees.

The Complaint alleges that Sims noted in her inmate charge sheet that McGaw smelled of alcohol, had slurred speech, and had pinpoint pupils that were not reactive to

6

Case 3:15-cv-00012-PLR-HBG   Document 46   Filed 09/25/15   Page 6 of 11   PageID #: 394

light, an indication of opiate usage. In addition, McGaw's father called the Sevier County Jail's medical phone line and spoke with Sims who answered the call and represented herself to be a member of the Jail's medical staff. McGaw's father told Sims that his son had trouble waking up from being in his friend's care before turning himself in, and that he believed his son had drunk a large amount of alcohol and taken Oxycodone. According to Sevier County's records, Sims informed Plaintiff that she would check on McGaw and that the corrections officers would check on him every 30 minutes. The Complaint also alleges that a correction officer informed Sims that McGaw had consumed alcohol and "roxys." It is further alleged that as a trained medical professional, Sims was aware the combination of alcohol and Oxycodone, along with the observance of McGaw's nonreactive pupils, were a clear indication that McGaw was in need of immediate medical attention and care. Accordingly, the Court finds that the allegations of the Complaint are sufficient to infer that Sims had actual knowledge that McGaw had consumed a large quantity of alcohol as well as prescription opiate medication.

In addition, despite having actual knowledge that McGaw had ingested a mix of alcohol and Oxycodone, Sims merely continued to monitor McGaw. She did not administer counteracting medication, call 911, or send McGaw to a medical care facility. These facts are sufficient to infer that Sims disregarded a substantial risk of harm to McGaw, and McGaw died as a result. The Court finds that the Complaint states a cause of action against Sims, and her motion to dismiss is **DENIED.**

7

B. **<u>Jessie Timbrook, LPN</u>**

Jessie Timbrook, LPN, was employed by First Med as the nursing supervisor for the Jail. In support of her motion to dismiss, Timbrook asserts that she never evaluated or observed McGaw, and that nothing in her phone conversation with Sims was sufficient to place Timbrook on notice of a substantial risk of harm to McGaw. The Court disagrees.

The Complaint alleges that Sims called Timbrook because McGaw smelled of alcohol, had slurred speech, and had pinpoint pupils that were not reactive to light. In addition, a correction officer informed Sims prior to her conversation with Timbrook that McGaw told him "he had taken some Roxy's." Plaintiffs further allege that Timbrook had actual knowledge that McGaw entered the Jail under the influence of alcohol and Oxycodone and had nonreactive pupils, and that Timbrook's failure to advise Sims to administer counteracting medication, call 911, or send McGaw to a medical care facility constitutes deliberate indifference to McGaw's serious and critical need for medical care. The Complaint further alleges that despite having actual knowledge that McGaw had ingested a mix of alcohol and Oxycodone, Timbrook merely advised Sims to monitor McGaw. These allegations are sufficient to infer that Timbrook had actual notice of a substantial risk of harm to McGaw, which she disregarded by failing to order Sims to administer counteracting medication, call 911, or transport McGaw to a medical facility. The Court finds that the Complaint states a cause of action against Timbrook, and her motion to dismiss is **DENIED.**

C. **First Med, Inc.**

Plaintiffs' Complaint alleges that First Med, Inc., was under a contract with Sevier County, Tennessee, to provide medical care and to treat illness and injuries suffered by pretrial detainees incarcerated at the Sevier County Jail. Plaintiffs aver that First Med, a private corporation, was acting under color of state law pursuant to § 1983, by providing medical services at the Sevier County Jail.

Plaintiffs cannot assert § 1983 claims against a state actor under the theory of *respondeat superior*. *Gregory v. City of Louisville*, 444 F.3d 725, 752 (6th Cir. 2006) (citing *Monell v. New York City De't of Soc. Servs.*, 436 U.S. 658, 692-94 (1988)). A plaintiff may only recover from an employer for its own wrongdoing. *Id.* Under *Monell*, an employer cannot be found liable unless the plaintiff can establish that an officially executed policy or the toleration of a custom leads to, causes, or results in the deprivation of a constitutionally protected right. *Doe v. Claiborne County*, 103 F.3d 495, 507 (6th Cir. 1996). The standard is the same for a § 1983 suit against a private corporation. *McDaniel*, 2013 WL 1120866 at *3.

A custom can be established by "proof of the knowledge of policymaking officials and their acquiescence in the established practice." *Miller v. Calhoun County*, 408 F.3d 803, 814 (6th Cir. 2005). *Monell* liability requires a showing that the custom is "so permanent and well-settled as to constitute a custom or usage with the force of law." *Id.*

First Med's motion to dismiss asserts that Plaintiffs have failed to identify a policy or custom that resulted in the violation of a constitutional right. According to the Complaint, First Med had a contract with Sevier County to provide medical care to its

9

prisoners and pretrial detainees. As a provider of medical care at a state detention facility, First Med acted under color of state law. *See, e.g., West,* 487 U.S. at 54; *McDaniel,* 2013 WL 1120866 at *6.

Taking the averments and factual allegations in the Complaint as true, Plaintiffs have pled facts in support of their allegations that (1) First Med's involvement in similar incidents constitutes a "custom" of deliberate indifference by First Med; and (2) First Med's policies and procedures, through improper training or otherwise, caused Sims and Timbrook to ignore McGaw's medical condition and not provide him adequate medical care, resulting in his death. Moreover, First Med was on notice of its potential constitutional violations. It has been sued numerous times in this district on similar complaints. *See, e.g., Mangum v. Sevier County,* 2015 WL 729524 (E.D.Tenn. Feb. 19, 2015); *McDaniel,* 2013 WL 1120866; *Paulk v. Sevier County,* 2012 WL 5997948 (E.D.Tenn. Nov. 30, 2012); *Mason v. Sevier County,* Civil Action 3:12-cv-469 (lawsuit against First Med asserting deliberate indifference for detoxing inmate). The Court finds that the Complaint states a cause of action against First Med, and First Med's motion to dismiss is **DENIED.**

## V. Conclusion

In light of the foregoing discussion defendants' motions to dismiss [R. 14, 18, 20] are **DENIED**.

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**