## UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | 100 EAST FIFTH STREET, ROOM 540 | |
|---|---|---|
| Deborah S. Hunt | POTTER STEWART U.S. COURTHOUSE | Tel. (513) 564-7000 |
| Clerk | CINCINNATI, OHIO 45202-3988 | www.ca6.uscourts.gov |

Filed: March 29, 2017

Mr. Darren Vincent Berg
Butler, Vines & Babb
2701 Kingston Pike
Knoxville, TN 37919

Re: Case No. 16-6729, *Samuel McGaw, Jr., et al v. Sevier County, Tennessee, et al*
Originating Case No. : 3:15-cv-00012

Dear Counsel,

  The Court issued the enclosed Order today in this case.

Sincerely yours,

s/Roy G. Ford
Case Manager
Direct Dial No. 513-564-7016

cc:  Ms. Rhonda Leonard Bradshaw
     Mr. Weldon E. Patterson
     Ms. Debra Poplin

Enclosure

No. 16-6729

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| SAMUEL M. MCGAW, JR., as the Personal Representative of the Estate of Samuel M. McGaw, IV, deceased, et al., | ) ) ) ) | **FILED**<br>Mar 29, 2017<br>DEBORAH S. HUNT, Clerk |
| Plaintiffs-Appellees, | ) ) |  |
| v. | ) ) | O R D E R |
| SEVIER COUNTY, TENNESSEE, et al., | ) ) |  |
| Defendants-Appellants, | ) ) |  |
| FIRST MED, INCORPORATED, et al., | ) ) |  |
| Defendants. | ) ) |  |

Before: GUY, ROGERS, and DONALD, Circuit Judges.

Defendants, Sevier County, Tennessee, and four county correction officers, appeal the denial of summary judgment in this civil rights action alleging claims for deliberate indifference to a serious medical need against the correction officers and *Monnell* claims against Sevier County. The Plaintiffs filed a motion to dismiss the appeal by Sevier County and a separate motion to dismiss the appeal by three of the defendant correction officers for lack of jurisdiction. The Defendants oppose the motions to dismiss. The Plaintiffs reply in support of their motion to dismiss Sevier County.

In response to the motion to dismiss, the correction officers assert that their appeal challenges the legal determination that the Plaintiffs have alleged Eighth Amendment constitutional violations against them. We have jurisdiction to "decide an appeal challenging the district court's *legal* determination that the defendant's actions violated a constitutional right or that the right was clearly established." *Thompson v. City of Lebanon, Tenn.*, 831 F.3d 366, 370 (6th Cir. 2016); *see also DiLuzio v. Village of Yorkville, Ohio*, 796 F.3d 604, 610 (6th Cir. 2015). Because the correction officers have colorably articulated legal appellate issues that may be decided on the basis of the Plaintiffs' version of the facts as set forth by the district court, dismissal of their appeal at this time is not appropriate. *Quigley v. Tuong Vinh Thai*, 707 F.3d 675, 680 (6th Cir. 2013) (holding that the court had jurisdiction over the defendant's "purely legal issue of whether the plaintiff's facts show that the defendant violated clearly established law").

The finding of a constitutional violation by the correction officers is a prerequisite to finding liability against Sevier County. *Robertson v. Lucas*, 753 F.3d 606, 622 (6th Cir. 2014); *Watkins v. City of Battle Creek*, 273 F.3d 682, 687 (6th Cir. 2001). The claims of the correction officers and Sevier County are colorably intertwined. Thus, to the extent that the correction officers' appeal raises legal issues, pendent appellate jurisdiction may support the appeal by Sevier County. *Pollard v. City of Columbus, Ohio*, 780 F.3d 395, 401–02 (6th Cir.), *cert. denied*, 136 S. Ct. 217 (2015).

The Plaintiffs' motions to dismiss should be considered with the benefit of complete briefing. See *Berryman v. Rieger*, 150 F.3d 561, 564 (6th Cir. 1998) (noting that the court "often cannot adequately assess our jurisdiction to hear interlocutory appeals on qualified immunity until the appeal is fully briefed and argued").

No. 16-6729
-3-

The motions to dismiss are **REFERRED** to the panel assigned to hear the appeal on the merits.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk