IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE AT KNOXVILLE

| | |
|---|---|
| SAMUEL M. MCGAW, JR., as the Personal Representative of the Estate of Samuel M. McGaw, IV, deceased, and LESLIE TOLX, mother and legal Guardian of Samuel Marshall McGaw, V, Zakary Aiden McGaw, Ava Belle McGaw Emma Grace McGaw, and Addison Reese McGaw, the natural Children and next-of-kin of Samuel M. McGaw, IV, deceased. <br><br> Plaintiffs, <br><br> v. <br><br> SEVIER COUNTY, TENNESSEE; MICHAEL FOX; BRADLEY MOUNT; HAYDEN WHALEY; JOSHUA MCKINZIE;FIRST MED, INC.; JESSIE TIMBROOK, LPN; and JUDY SIMS, LPN <br><br> Defendants. | Docket No. 3:15-cv-00012 <br><br> **JURY DEMANDED** <br><br> **Reeves/Guyton** |

## JOINT MOTION TO AMEND CURRENT SCHEDULING ORDER

Come the parties, pursuant to Rule 16 of the Federal Rules of Civil Procedure, and respectfully move this Honorable Court to amend the current Scheduling Order in this matter. In support of this Joint Motion, the parties state as follows:

This action was originally filed on January 9, 2015. All defendants, with the exception of Sevier County, have since been dismissed. Plaintiffs' remaining claim arises under 28 U.S.C. § 1983 based on Sevier County's deliberate indifference to the medical needs of Samuel McGaw, IV, while in custody at the Sevier County Jail.

On March 17, 2015, this Court entered a Scheduling Order, (Doc. 31), which originally established an October 4, 2016 trial date and the following pertinent deadlines:

- Expert Disclosures (Plaintiff):
    **One hundred and fifty (150) days before trial**
- Expert Disclosures (Defendants):
    **One hundred and twenty (120) days before trial**

Several of the above-named Defendants later filed a Motion for Summary Judgment, and Plaintiffs filed notices to take the depositions of a number of the parties. Defendants responded to Plaintiffs' deposition notices by moving for a protective order. (Docs. 56, 57). This Court granted Defendants' motion in part, and denied it in part, allowing narrowly tailored partial depositions. (Doc. 76). Revised deposition notices were filed, (Docs. 78 – 80), and the partial depositions were taken in January 2016.

In the following months, substantial docket activity occurred pertaining to Defendants' then-pending motion for summary judgment. (Docs. 77, 82, 83, 84, 86, 87, 88, 89, 90, 91, 92, 93). Also, this Court granted Defendants' motion to continue the trial, resetting it for September 26, 2016, with the discovery and expert disclosure deadlines adjusted accordingly.

On November 14, 2016, Defendants' motion for summary judgment was granted in part and denied in part, from which Defendants Fox, McKinzie, Mount, and Sevier County later appealed. Over eleven months went by before the mandate to this Court issued following the Sixth Circuit's disposition. (Doc. 121). On August 22, 2017, this Court set the current trial date for July 10, 2018. Oral argument took place before the Sixth Circuit on October 4, 2017, and the mandate issued on November 22, 2017.

Based on the current trial date, Plaintiffs' expert disclosures are now due February 10, 2018, and Defendants' expert disclosures are due March 12, 2018. Because the depositions that have already been conducted were limited in scope, complete depositions are now sought by Plaintiff, and are scheduled to take place on January 30, 2018, and January 31, 2018. Despite the diligent efforts amongst the parties, Defendant's counsel was unavailable for these depositions at an earlier time in January. The parties agree that having expert disclosure deadlines in such close proximity to these depositions provides insufficient time, given the complexity of the issues involved, to obtain transcripts, procure expert review, and adjust expert disclosures according to the deposition testimony that may be elicited. Accordingly, the parties respectfully request that the current scheduling order be amended to extend the expert disclosure deadlines by twenty-one (21) days. Given the considerable time during which this case was pending before the Sixth Circuit, and the inability to proceed with discovery during that time, the parties submit that good cause exists for this relatively brief extension. The parties fully expect that modification of the scheduling order with respect to these deadlines will not delay the trial.

The parties further submit that they have worked in cooperation to adhere to and meet the respective deadlines, and are in agreement that relief from the scheduling order is needed with respect to these expert disclosure deadlines. In addition, it should be noted that one of the lead attorneys, Darren V. Berg, voluntarily resigned from the law firm representing Plaintiffs during the pendency of this case, and was accordingly removed as counsel of record on December 29, 2017. (Doc. 123). Mr. Berg's departure led to some delay while the firm and Mr. Berg undertook the necessary communications with their clients. This constitutes further grounds supporting amendment of the Scheduling Order.

WHEREFORE, the parties jointly submit that good cause exists for a twenty-one (21) day extension of Plaintiffs' expert disclosure deadline, and a corresponding twenty-one (21) day extension of Defendants' expert disclosure deadline.

Respectfully submitted,

/s/ Louis W. Ringger, III
**Weldon E. Patterson (BPR 13608)**
**Louis W. Ringger, III (BPR 33674)**
Butler, Vines & Babb, PLLC
2701 Kingston Pike
Knoxville, TN 37919
865/637-3531
*Attorneys for Plaintiffs*

/s/ Rhonda Bradshaw
**Rhonda Bradshaw, Esq. (BPR 14082)**
Spicer Rudstrom, P.L.L.C.
800 S. Gay St., Ste. 1400
Knoxville, TN 37929
865/673-8516
*Attorney for Defendant, Sevier County, TN,*

## CERTIFICATE OF SERVICE

      I hereby certify that on January 9, 2018, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

                                                /s/ Louis W. Ringger, III
                                                **Louis W. Ringger, III (BPR 33674)**